# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2020

Lyle W. Cayce
Clerk

No. 19-30208
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENATA FOREMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CR-119-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Renata Foreman was convicted by a jury of three counts of wire fraud, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2, and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A and § 2.  While under federal supervision at a residential reentry center, Foreman submitted approximately 55 fraudulent applications for disaster relief assistance.  The district court sentenced Foreman to a total term of imprisonment of 111 months.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30208

Sentences are reviewed first for procedural error and then substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 50-51 (2007)). When error was preserved, the district court's application of the Guidelines is reviewed de novo, and its fact findings are reviewed for clear error. *United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015).

First, Foreman argues that the presentence report erroneously included uncharged allegations of student financial aid fraud as relevant conduct in calculating the total loss amount. However, the disaster relief and student financial aid schemes both occurred during the time that Foreman was in the residential reentry center, shared common victims, and involved similar methods of execution, specifically obtaining the personal identifying information for individuals without permission and using that information to apply for financial aid. We have rejected Foreman's contention that uncharged conduct cannot be considered as relevant conduct. *See United States v. Anderson*, 174 F.3d 515, 526 (5th Cir. 1999). Foreman has not shown that the district court clearly erred in considering the student financial aid scheme conduct as relevant conduct in calculating the total losses caused by Foreman. *See* U.S.S.G. § 1B1.3(a)(1)(A), (a)(2); *United States v. Ainabe*, 938 F.3d 685, 690 (5th Cir. 2019); *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007).

Second, Foreman avers that the district court erroneously applied the U.S.S.G. § 2B1.1(b)(2)(A)(i) enhancement because the offense did not involve more than 10 victims. However, contrary to her contention, each individual whose information was utilized in the scheme constitutes a victim. *See* § 2B1.1, comment. (n.4(E)). Foreman has not shown that the district court clearly erred in applying the § 2B1.1(b)(2)(A)(i) enhancement because the

offense involved 10 or more victims.  *See* § 2B1.1, comment. (n.4(E)); *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013); *Trujillo*, 502 F.3d at 357.

Third, Foreman argues that the district court erred in its application of the § 2B1.1(b)(10)(C) two-level enhancement for use of sophisticated means. After obtaining the personal identifying information of the individuals, Foreman used various computers to file fraudulent applications and produced fraudulent documents.  She also supplied varied mailing addresses on the applications and maintained notes on the victims in furtherance of the scheme. Taken in their entirety, these steps were complex and reflected the requisite sophistication for application of the § 2B1.1(b)(10)(C) enhancement.  *See United States v. Conner*, 537 F.3d 480, 492 (5th Cir. 2008).  Foreman has not shown that the district court clearly erred in applying the § 2B1.1(b)(1)(C) enhancement.  *See* § 2B1.1, comment. (n.9(B)); *Conner*, 537 F.3d at 492; *Trujillo*, 502 F.3d 353, 357.

Finally, Foreman asserts that her sentence is substantively unreasonable because the district court failed to take into account her personal circumstances.  Because her sentence was within the properly calculated guidelines ranges, it is entitled to a rebuttable presumption of reasonableness. *See United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015).  Foreman has not rebutted that presumption because she fails to show that the district court, when imposing sentence, failed to consider a significant factor, considered an improper factor, or made a clear error of judgment in balancing the relevant factors. *See id*. at 557-58.  The district court noted mitigating factors but also emphasized the immediacy with which Foreman engaged in another fraudulent scheme after being released to the reentry center.  Therefore, Foreman has not shown that the district court abused its discretion by

No. 19-30208

imposing a substantively unreasonable sentence. *See Johnson*, 619 F.3d at 471-72.

AFFIRMED.